IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN PFERSHY and MATTHEW PFERSHY, on behalf of their minor daughter O.P. and in their individual capacities,<br><br>        Plaintiffs,<br><br>  v.<br><br>O'FALLON TOWNSHIP HIGH SCHOOL DISTRICT 203,<br><br>        Defendant. | Case No.   23-cv-3515-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiffs filed this suit individually and on behalf of their minor child, O.P., alleging that Defendant O'Fallon Township High School District 203 violated various federal and Illinois state statutes, violated O.P.'s civil rights, and failed to provide her with a free and appropriate public education. Doc. 40. Plaintiff's Complaint alleges that certain teachers harassed O.P., discriminated against O.P., and failed to accommodate O.P.'s disabilities. *See*, *e.g.*, Doc. 40, ¶¶35, 39.

This matter comes before the Court on certain objections by Defendant to Plaintiffs' Interrogatories and Requests for Production. Plaintiffs submitted those objections to the Court in a Motion to Compel. Doc. 49-1. The Court held a discovery dispute conference on April 8, 2025. Counsel explained that they had resolved most of Defendant's objections but had not reached an agreement on whether Plaintiffs may obtain personnel files of certain employees of Defendant and to what extent Plaintiffs may obtain information on other instances of alleged discrimination.

The Court reviewed Plaintiff's Interrogatories and Requests for Production and determined that the unresolved issues (personnel files of certain employees and to what extent Plaintiffs may obtain information on other instances of alleged discrimination, harassment, and failure to accommodate) pertain to Interrogatory #11 and Requests for Production #12, 14, 19, 21, 23, 24, 28, 29, 36.  Defendant's objections to these items are considered within the confines of Federal Rule Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court finds that similar complaints and/or investigations regarding specific teachers is relevant to Plaintiff's claims in this case and proportional to the needs of the case if limited in time. Similar complaints and/or investigations regarding non-specified staff members are also relevant and proportional to the needs of this case, although a narrower time frame is appropriate.  The Court agrees with Defendant that certain discovery requests are overly broad and unduly burdensome.  The Court declines to order Defendant to respond to Plaintiff's Requests for Production #24, #28, #29, #36.  Except as expressly stated below, Defendants' objections to the following Interrogatory and Requests for Production are SUSTAINED.

**Interrogatory #11 asks Defendant to identify and describe all complaints made regarding Kate Walsh, Tiffany Schneider, or Colleen Becker.   Doc. 49-1, p. 3.**

Defendant shall identify and describe any complaints made from August 11, 2013-August 11, 2023 that Kate Walsh, Tiffany Schneider, or Colleen Becker discriminated against disabled

students, harassed disabled students, or failed to accommodate students' disabilities.

**Request for Production #12 requests all scholastic records, employment applications, and performance evaluations and personnel files and training records for Colleen Becker or Kate Walsh, including, but not limited to, evaluations and documents relating or referring to disciplinary action taken against them during their careers.   Doc. 49-1, p. 5.**

Limited to August 11, 2013-August 11, 2023, Defendant shall produce the following: (1) any evaluations of Kate Walsh or Colleen Becker relating to discrimination against disabled students, harassment of disabled students, and/or accommodation of students' disabilities; (2) any training completed by Kate Walsh or Colleen Becker relating to discrimination against disabled students, harassment of disabled students, and/or accommodation of students' disabilities; and (3) Kate Walsh's or Colleen Becker's disciplinary records that reflect discrimination against disabled students, harassment of disabled students, and/or accommodation of students' disabilities.

**Request for Production #14 Requests all documents referring to or relating to accusations or suspicions of misconduct related to Colleen Becker or Kate Walsh.   Doc. 49-1, p. 5.**

Limited to August 11, 2013-August 11, 2023, Defendant shall produce any documents related to accusations or suspicions that Colleen Becker or Kate Walsh discriminated against disabled students, harassed disabled students, and/or failed to accommodate students' disabilities.

**Request for Production #19 requests all documents referring or relating to complaints claims, discrimination reports, or allegations of discrimination, harassment, or failure to accommodate against Defendant.   Doc. 49-1, p. 6.**

Limited to April 10, 2020-April 10, 2025,[1] Defendant shall produce any documents that reflect complaints or allegations were made against any Defendant staff members for discriminating against disabled students, harassing disabled students, or failing to accommodate students' disabilities.

**Request for Production #21 requests all documents, including deposition transcripts, pleadings and discovery responses generated in defense of other claims arising in whole or in part from the acts or conduct of Defendant personnel involved in the Discrimination/Harassment Complaint process**.   Doc. 49-1, p. 6.

Defendant shall produce any deposition transcripts or pleadings dated April 10, 2020-April 10, 2025 that were generated in legal and/or administrative proceedings involving allegations that Defendant's staff discriminated against disabled students, harassed disabled students, and/or failed to accommodate students' disabilities.

**Request for Production #23 requests all Department of Education/Office for Civil Rights documents and communications relating to investigations of Defendant relating to harassment, misconduct, and/or ADA or discrimination.   Doc. 49-1, p. 6.**

Defendant shall produce any written communications dated April 10, 2020-April 10, 2025 between it and the Department of Education/office of Civil Rights regarding any investigation(s) into whether Defendant's staff harassed a student(s) with disabilities, discriminated against a student(s) with disabilities, and/or failed to accommodate a student's (or students') disabilities.

---

[1] After initially serving this Request, Plaintiffs subsequently agreed to limit it to the "past 5 years from the present date."   Doc. 49-1, p. 6.

## Conclusion

On or before May 1, 2025, Defendant shall supplement its answers to Interrogatories, responses to Requests for Production, and its Privilege Log (if necessary) in compliance with this Order. If Defendant believes that compliance with this Order would cause Defendant to violate either The Family Educational Rights and Privacy Act or the Illinois School Student Records Act, Defendant shall submit the information or documents subject to either statute for in camera review to [RJDpd@ilsd.uscourts.gov](mailto:RJDpd@ilsd.uscourts.gov) on or before May 1, 2025. Defendant shall not include Plaintiffs' counsel on that email but shall notify Plaintiffs' counsel that documents and information were submitted for in camera review.

**IT IS SO ORDERED.**

**DATED: April 10, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**