IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN PFERSHY and MATTHEW PFERSHY, on behalf of their minor daughter O.P. and in their individual capacities,<br><br>   Plaintiffs,<br><br> v.<br><br>O'FALLON TOWNSHIP HIGH SCHOOL DISTRICT 203,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Case No. 23-cv-3515-RJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**DALY, Magistrate Judge:**

  Plaintiffs filed this suit individually and on behalf of their minor child, O.P., alleging that Defendant O'Fallon Township High School District 203 violated various federal and Illinois state statutes, violated O.P.'s civil rights, and failed to provide her with a free and appropriate public education. Doc. 40. Plaintiff's Complaint alleges that certain teachers harassed O.P., discriminated against O.P., and failed to accommodate O.P.'s disabilities. *See, e.g.*, Doc. 40, ¶¶35, 39.

  This matter comes before the Court on Defendant's Motion to Stike Plaintiffs' experts, or, in the alternative, amend the Scheduling Order. Doc. 75. Plaintiffs filed a Response. This case is currently set for trial in April 2026. Doc. 56. The discovery deadline was November 14, 2025. *Id*. On November 14, 2025, Plaintiffs disclosed seven non-retained expert witnesses who will testify at trial. Doc. 75. Plaintiffs contend that because the current Scheduling Order did not specifically include deadlines for expert discovery, their deadline for discovery was subject to Federal Rule of Civil Procedure 26(a)(2)(D), which states that "[a]bsent a stipulation or a court

order, [expert disclosures] must be made [] at least 90 days before the date set for trial." Plaintiffs' reliance on Rule 26a(2)(D) is misplaced. A court order setting a deadline for *all* discovery includes expert discovery and renders the 90-day deadline referenced in Rule 26a(2)(D) inapplicable. *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000).

Plaintiffs technically complied with the discovery deadline by disclosing their experts on that date. However, Defendant is prejudiced by the last-minute disclosure because it must prepare for trial without deposing Plaintiffs' expert witnesses and without potentially disclosing its own experts. The Local Rules of this District require a discovery deadline of 130 days before the first day of the trial month. S.D. Ill. L.R. Appendix G; Doc. 21. Accordingly, good cause exists to amend the Scheduling Order and continue the trial date. At the hearing on Defendant's Motion, counsel indicated that they were available for trial on September 15, 2026. The Scheduling Order is therefore amended and the discovery deadline is now April 24, 2026. Dispositive motions and *Daubert* motions to exclude expert witness testimony are due by May 22, 2026. Final pretrial conference set for September 3, 2026 at 9:30 a.m. at the Benton Courthouse. Jury trial set for September 15, 2026 at 9:00 a.m. at the Benton Courthouse. Counsel should reach an understanding regarding deadlines for disclosure and depositions of any experts disclosed by Defendant. If counsel cannot reach an agreement, they should contact the Court.

**IT IS SO ORDERED.**

**DATED: December 18, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**