IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBYN PFERSHY and MATTHEW PFERSHY, on behalf of their minor daughter O.P. and in their individual capacities, | ) | |
| Plaintiffs, | ) | Case No. 23-cv-3515-RJD |
| v. | ) | |
| O'FALLON TOWNSHIP HIGH SCHOOL DISTRICT 203, | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiffs filed this suit individually and on behalf of their minor child, O.P., alleging that Defendant O'Fallon Township High School District 203 violated various federal statutes: (1) the Individuals with Disabilities Education Act; (2) Section 504 of the Rehabilitation Act; and (3) the Americans with Disabilities Act. Doc. 1. Plaintiffs also allege that Defendant violated the Illinois Human Rights Act ("IHRA"). *Id*. This Court has subject matter jurisdiction of Plaintiffs' federal law claims and exercises supplemental jurisdiction over Plaintiffs' IHRA claim. Plaintiff's First Amended Complaint alleges that certain teachers harassed O.P., discriminated against O.P., and failed to accommodate O.P.'s disabilities. *See*, *e.g*., Doc. 40, ¶¶35, 39.

This matter comes before the Court on competing Motions to Enforce Settlement filed by Plaintiffs and Defendant. Docs. 83, 90, and 95. The parties participated in mediation and purportedly accepted a "mediator's proposal" on or before January 16, 2026 that contained a monetary provision as well as the following non-monetary terms:

> …a mutual disparagement clause and an agreement by Defendant to

> conduct, at a minimum, a two hour, in-person annual training on special education as well as training on FM/DM equipment for all District personnel using such equipment. It is my understanding that the District already conducts some training on special education. **Of course you can ask for more specific training in the settlement agreement.**

Doc. 90-1, p. 2 (emphasis added). On January 21, 2026, Plaintiffs' counsel sent Defendant's attorney a "draft of the release." Doc. 90-1, p. 1. The draft contained the following paragraph:

> **6. Mandatory Training**. O'Fallon Township High School District 203 further agrees to mandatory in-person training for all district employees for a minimum of two hours each year on special education, as well as mandatory in-person training on usage of DM/FM equipment for all District personnel using such equipment.

Doc. 90-2, p. 2 (emphasis in the original). Counsel then exchanged multiple rounds of proposed revisions to the release. In all of the exchanged proposed revisions, the above-quoted paragraph six regarding training begins with the phrase "**Mandatory Training.**" Doc. 90-2, p. 2; Doc. 90-3, p. 1 ; Doc. 90-4, p. 4; Doc. 90-5, p. 6; Doc. 90-6, p. 2; Doc. 90-9, p. 2.[1] The parties' emails (attached to Plaintiffs' Motion) refer to an individual named "Stephanie Jones" for whom Defendant's attorneys were waiting for "review and feedback regarding the release language." Doc. 90-3, pp. 1, 2. Defendant's first proposed revisions were provided "with the caveat that this is still subject to review and feedback from Stephanie Jones." *Id.* On February 20, 2026, Defendants' attorneys sent an email that referred to "the only loose end" being "feedback from the District's personal counsel…with regard to Sec. 6." Doc. 90-8, p. 4.

On March 13, 2026, Defendant proposed the following language for the training paragraph:

> O'Fallon Township High School District 203 further agrees to

[1] In the final version of the proposed release attached to Plaintiffs' Motion, paragraph 6 regarding "Mandatory Training" is numbered paragraph 5. Doc. 90-9, p.2.

> provide, at a minimum, two hours of in-person annual training on special education *that will be available* for all teachers, paraprofessionals, and administrators, as well as training on FM/DM equipment for all District personnel using such equipment, beginning with the 2026-2027 school year. For purposes of this agreement, "in person" includes live training conducted by a remote speaker and presented via real-time video conference to District personnel attending in person.

Doc. 95, ¶13. Defendant explains to the Court that this is its "best and final language proposal as it pertained to Section 6." In response to this proposal, Plaintiffs requested that language requiring "teachers who have any students who have an IEP or 504 Plan will attend this training" be added to Defendants' proposal.

This Court has jurisdiction to enforce settlement agreements between the parties in pending cases. *See Pohl v. United Airlines, Inc*. (7th Cir. 2000). Plaintiffs ask the Court to enforce language requiring mandatory training for all of Defendant's teachers, paraprofessionals, and administrators. Defendant asks the Court to enforce language requiring "training *that will be available* for all teachers, paraprofessionals, and administrators."

State law governs enforcement of a settlement agreement regarding federal claims. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (internal citations omitted). To determine which state's law applies, this Court must use federal choice of law principles because subject matter jurisdiction is based on the federal claims in Plaintiffs' Complaint. *Berger v. AXA Network LLC*, 459 F.3d 804, 810-11 (7th Cir. 2006). Regardless of the choice of law analysis, the Court is unaware of any state's law other than Illinois that could be used to interpret the parties' settlement agreement: this Court sits in Illinois, Plaintiffs are citizens of Illinois, Defendant is a school district in Illinois, and the settlement agreement makes no

mention of performance in any other state. *See id.* at 811-12; RESTATEMENT (SECOND) OF CONFLICT OF L. §188 (1971). The parties are not concerned about what law the Court uses to interpret their settlement agreement. Plaintiffs' Motion refers to "ordinary principles of contract law" and Defendants' Motion (filed concurrently with its Response to Plaintiff's Motion) cites no law whatsoever on any topic. The Court will therefore refer to Illinois law.

First, the Court must determine whether the mandatory nature of the training was a material term of the contract. A material term is one that is essential to the contract. *Academy Chicago Publishers v. Cheever*, 144 Ill.2d 24, 30 (1991). It seems clear that the mandatory (versus simply available) nature of the training is an essential element of the proposed settlement agreement and the parties do not argue otherwise. Plaintiffs contend that the "mandatory training requirement" was "the heart of the deal" because their primary concern was "ensuring that what happened to [O.P.] would not happen to another child." Doc. 96, p. 6. Defendant contends that "it is impracticable and almost impossible for Defendant to guarantee via settlement that every single employee in the District will be mandated to attend…training." Doc. 95, p. 6.

While "some terms of a contract may be missing or left to be agreed upon," a settlement agreement cannot be enforced if the parties did not agree to the material terms of the contract. *Rose v. Mavrakis*, 343 Ill. App.3d 1086, 1091 (Ill. App. Ct. 2003). It is clear to the undersigned that Plaintiffs and Defendant never reached an agreement regarding whether Defendant would provide *mandatory* training or training that would be *available* to its staff. The mediator's proposal did not contemplate whether the training would be mandatory, only referring to "at a minimum, a two hour in-person annual training" and explicitly providing that the parties could agree to "more specific training." Neither party has established that they reached an agreement

on "more specific training." [2]

Plaintiffs argue that because the phrase "Mandatory Training" was part of all the revised drafts exchanged between counsel via e-mail, Defendant necessarily accepted that the training would be mandatory. The emails attached to Plaintiffs' motion reflect that Defendant never approved the "Mandatory Training" paragraph of the drafts that were exchanged, as Defendant's approval was "subject to review and feedback" by Defendant's personal counsel; when that "review and feedback" finally occurred, it appears from the e-mails that Defendant specifically did not approve the "Mandatory Training" paragraph. Even if it had, Illinois contract law provides that the Court "cannot substitute a party's assent to material terms in later drafts [of the release] for the party's lack of assent at the time the agreement was said to have been reached." *In Re Broiler Chicken Antitrust Litigation*, 167 F. 4th 430, 443 (7th Cir. 2026) (internal citations omitted).

In order for the Court to do as the parties' request and enforce either Plaintiffs' proposed provision (mandatory training for "all teachers, paraprofessionals, and administrators") or Defendant's ("training…that will be available for all teachers, paraprofessionals, and administrators"), the Court would have to "spell out essential elements" not included in the mediator's proposal. *Academy Chicago Publishers*, 144 Ill. 2d at 31. The undersigned cannot do so. *Id*.

The parties have not presented an enforceable contract to the undersigned and therefore

---

[2] The parties could have reached an oral agreement regarding any of the terms of the settlement agreement. *County Line Nurseries and Landscaping, Inc. ex rel. Bankruptcy Trsutee v. Glencoe Park Dist*., 2015 IL App (1st) 143776, ¶33. Neither Plaintiffs nor Defendant suggest that they did so.

their competing motions to enforce the settlement agreement are DENIED. Within their motions, the parties also have conflicting positions as to whether the training must involve an instructor who provides the training in-person as well as District personnel, or if the District personnel must attend in person but the speaker may attend remotely. Because the Court has already determined the parties did not assent to the material terms of their purported settlement agreement, this issue is moot. Plaintiffs also ask the Court to sanction Defendants for reversing course on the settlement agreement and causing Plaintiffs to incur additional and significant attorneys' fees and costs. The Court cannot find that Defendant acted in bad faith by "reversing course" because the record indicates that Defendant never agreed to conduct mandatory training.

**CONCLUSION**

Plaintiffs' Motions to Enforce Settlement (Docs. 83 and 90) are DENIED. Plaintiffs' Motion for Sanctions (Doc. 110) is DENIED. Defendant's Motion to Enforce Settlement (Doc. 95) is DENIED. The Court expects to enter an order on the parties' pending partial summary judgment motions within the next week and this case will proceed to trial as scheduled on September 15, 2026.

**IT IS SO ORDERED.**

**DATED: July 29, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**